# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * | * | |
| VACILIS KOLLIAS | * | |
| | * | No. 16-868V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: October 2, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * | * | |

Joseph T. McFadden, Jr., Rawls Law Group, Norfolk, VA, for Petitioner;
Ryan D. Pyles, U.S. Department of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Vacilis Kollias brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. He now sees an award for attorneys' fees and costs. He is awarded $76,121.72.

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

\*   \*   \*

Represented by Mr. Joseph McFadden, Mr. Kollias filed his petition for compensation on July 22, 2016. Mr. Kollias alleged that the tetanus-diphtheria-acellular pertussis vaccine that he received on July 26, 2013, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer Guillain-Barré syndrome. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued June 27, 2018.

On August 21, 2018, petitioner moved for reimbursement of attorneys' fees and costs, requesting a total of $78,467.95 (representing $71,852.89 in attorneys' fees and $6,615.06 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1-2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of this litigation. Fees App Ex. 3 at 2.

On August 21, 2018, respondent filed his response to the petitioner's motion. In his response, respondent did not object to petitioner's request. Resp't's Resp. at 2. Instead, the respondent stated that he is "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs are met" and recommended that the undersigned exercise his discretion in determining "a reasonable award for attorneys' fees and costs." Id. at 2-3. Petitioner did not file a reply.

This matter is now ripe for adjudication.

\*   \*   \*

Because Mr. Kollias received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Mr. Kollias' requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court

may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

### A. Reasonable Hourly Rates

Mr. Kollias requests the following rates for his attorney, Mr. McFadden: $350.00 per hour for work performed in 2015, $363.00 per hour for work performed in 2016, $376.00 per hour for work performed in 2017, and $395.00 per hour for work performed in 2018. Fees App. at 3. Additionally, Petitioner requests compensation for several paralegals at rates ranging from $135-$152 per hour for work performed from 2015-2018. Id.

Concerning Mr. McFadden's rates for 2015-2017, other special masters who have considered these rates have found them to be reasonable. See Jones v. Sec'y of Health & Human Servs., No. 15-774V, 2017 WL 7691908, at *3 (Fed. Cl. Spec. Mstr. Oct. 10, 2017); Eberhart v. Sec'y of Health & Human Servs., No. 16-169V, 2017 WL 3623724, at *2 (Fed. Cl. Spec. Mstr. July 13, 2017). Additionally, the undersigned finds the requested 2018 rate for Mr. McFadden, which is being considered here for the first time by a special master, to also be reasonable for an attorney with his experience. Accordingly, no adjustment to the requested rates is necessary.

The paralegal rates requested have previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested paralegal rates is required.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

3

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed (271.5) to be slightly excessive, especially in relation to the amount of hours billed by paralegals (126.1). For example, the billing records indicate that from February 5, 2016, to May 17, 2016, a paralegal billed 35.1 hours solely on preparing a chronological record of Petitioner's care and treatment – this is on top of any entries which billed for review of the same records but did not mention making the chronological chart. Fees App. Ex. 1 at 8-10. In the undersigned's experience, this is an excessive amount of time to bill on review of medical records. Additionally, many entries, although for small amounts of time, were billed by paralegals for filing documents online via CMECF and for dealing with payment invoices for medical records. It is well established that tasks like these are clerical in nature and are not compensable in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379,387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services . . . should be considered as normal overhead office costs included within the attorney's fee rates").

Accordingly, the undersigned finds it appropriate to reduce the amount of fees awarded for paralegal work by 10%. The billing record indicates that for the 126.1 hours of work done by paralegals, the total amount charged was $17,626.50. This results in a total reduction of $1,762.65. Petitioner is therefore entitled to compensation for attorneys' fees in the amount of $70,090.24.

    C.    Costs Incurred by Rawls Law Group

The fees application also asks for reimbursement in the amount of $6,615.06 in for costs incurred by Rawls Law Group. Fees App. Ex. 2 at 3. Like attorneys'

fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

The majority of this amount ($4,539.50) is for mediation services performed by former Chief Special Master Gary Golkiewicz. Id. The former Chief Special Master billed 22.35 hours at a rate of $400.00 per hour for a total $9,078.00 (including $138.00 for travel costs). Fees App. Ex. 2 at 31. Per their agreement, the parties agreed to split this cost, resulting in a total cost of $4,539.00 to Petitioner. As the parties eventually reached a negotiated settlement, it is clear that the former Chief Special Master played a valuable role in the resolution of this case. Additionally, this court has previously found his rate of $400.00 to be reasonable. See Robinson v. Sec'y of Health & Human Servs., No. 15-967V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 12, 2018). The undersigned will therefore reimburse this cost in full. However, it appears that Petitioner has made an inadvertent typo which has resulted in overcharging for this expense, albeit by a mere $0.50. Compare Fees App. Ex. 2 at 31 with Fees App. Ex. 2 at 3. Petitioner's award of costs is therefore reduced by $0.50.

Another matter warranting reduction is the cost of $583.08 for "Advocate Capital Interest." Id. It appears that, in order to finance costs associated with this case, the Rawls Law Group took out an advance loan from AdvoTrac, which markets itself as a "case expense funding service." Fees App. Ex. 2 at 32. Petitioner now seeks reimbursement for interest charged by AdvoTrac on the loan. This expense cannot be reimbursed by the court.

Another special master recently ruled upon this exact issue. In Beiting v. Sec'y of Health & Human Servs., the Rawls Law Group sought compensation for interest incurred on another loan taken out from AdvoTrac. Beiting v. Sec'y of Health & Human Servs., No. 17-726V, slip op. at 5 (Fed. Cl. Spec. Mstr. Sept. 11, 2018). In disallowing the interest cost, the special master ruled that while Petitioner's counsel was free to conduct their business as they saw fit, the accrual of interest was a foreseeable cost of taking out a loan to finance litigation costs, and that interest charges are not compensable in the Vaccine Program. Id. (citing Jeffries v. Sec'y of Health & Human Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006)).

The undersigned agrees with the decisions in Beiting and Jeffries and finds that interest charges for loans taken out to finance litigation are unambiguously not

5

compensable in the Vaccine Program. Accordingly, Petitioner's awarded costs are reduced by $583.08.

The remainder of the costs are routine expenses commonly incurred in Vaccine Program litigation, such as the cost of medical records and postage. Petitioner has provided adequate documentation of all these costs, and they shall be reimbursed in full.

Accordingly, Petitioner is awarded $6,031.48 in attorneys' costs.

### D. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$76,121.72** (representing $70,090.24 in attorneys' fees and $6,031.48 in costs) as a lump sum in the form of a check jointly payable to petitioner and his counsel, Mr. Joseph McFadden, Jr., Esq.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.